UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Steven McBride,

       Plaintiff,

vs.                                    Case No. 3:06-cv-513-J-32MCR

Indiana Lumbermens Mutual Insurance
Company; and Dwight Jackson, d/b/a 24/7
Bonds, Inc., a/k/a Universal 24/7 Bail Bonds,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed *In Forma Pauperis*.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

An *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). In reviewing the Complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff's Complaint alleges slander, negligence, breach of contract and deprivation of money against several defendants. Plaintiff acknowledges that these are state law claims but alleges federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a). 28 U.S.C. §1332 requires "complete diversity between all plaintiffs and all defendants." Incorvaia v. Incorvaia, 161 Fed.Appx. 847 (11th Cir. 2006) (citing, Lincoln Property Co. v. Roche, --- U.S. ----, 126 S.Ct. 606, 612-13 (2005) and Exxon Mobil Corp. v. Allapattah Serv., Inc., --- U.S. ----, 125 S.Ct. 2611, 2616-17 (2005)). Accordingly, in cases with multiple plaintiffs and multiple defendants, "'the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'" Id. (quoting, Exxon Mobil Corp., 125 S.Ct. at 2617). In the present case, the Complaint demonstrates that Plaintiff is a resident of Jacksonville, Florida as are two of the three defendants. Therefore, complete diversity is not present and federal jurisdiction is not

appropriate. Rather, Plaintiff should pursue his claims in state court. As such, it is respectfully

**RECOMMENDED**:

Plaintiff's application to proceed without prepayment of fees contained in his Affidavit of Indigency (Doc. 2) be **DENIED** and the complaint be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this 9th day of June, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Timothy J. Corrigan,
  United States District Judge

*Pro Se* Plaintiff